The opinion of the court was delivered by
Spencer, J.
This suit is for settlement of an alleged law partnership between plaintiff and defendant, carried on under the firm name of Fellows & Mills.
The suit is brought in Fifth District Court of Orleans.
I. Defendant excepted to the jurisdiction for the reason that he is, and has been for many years, a resident of the Sixth Municipal District of New Orleans; and that, by act number forty-five of 1876, said municipal district from and after November 7,1876, became part of the Second Judicial District of the State. See Lafayette Insurance Company vs. Remmers, 29 A. p. 419, and State vs. Williams, idem, p. 779.
This suit was instituted in Fifth District Court of Orleans, May 24. 1876, at which time there can be no doubt that court had jurisdiction. See same cases.
The exception to jurisdiction was filed June 8, 1876, and overruled June 28,1876. On July 1,1876, the defendant, reserving the benefit of his said exception, filed an answer to the merits.
In the cases above cited we held that the act, number forty-five of 1876, was inoperative until the date of election of judges, on November 7, 1876, and that the Sixth Municipal District was up to that date within the jurisdiction of the courts of Orleans, but afterward under that of the Second Judicial District Court.
In the act forty-five above referred to, no provision is made for transferring any pending causes from the courts of Orleans to the Second Judicial District Court. But the defendant insists that on the seventh November, 1876, the Fifth District Court was by said act divested of jurisdiction over him, since he was a resident of the Sixth Municipal District; and that, therefore, the case should have been transferred or dismissed. The answer to this proposition is that there was no provision of law authorizing the transfer; that'the record of the suit belonged to the Fifth District Court, and could not be taken from the custody of its officers, without such authority. The, suit, as we have seen, was rightly brought in the Fifth District Court, where it had been put at issue before the act in question took effect. It would be carrying a technicality very far to dismiss the suit under the circumstances of this case. We have seen it could not be transferred; and, as the court had rightful jurisdiction at its inception, we hold that that jurisdiction continues to final judgment, in the absence of express law to the contrary.
II. After this cause was fixed for trial, and, not being reached, was *826 under the rules continued by preference to another day for trial, defendant filed a prayer for jury, which was allowed. Plaintiff moved to vacate this order allowing the jury, and the court so ordered, considering that it had been improvidently granted, after the case was fixed for trial. The court did not err. O. P. 494.
III. Plaintiff, having filed a supplemental petition reiterating in substance his previous allegations of the existence of the partnership, and charging that defendant was making way with partnership -assets, obtained a sequestration.
Defendant excepted, “ that until the issue of partnership or no partnership, which is raised in his answer, shall be finally heard and determined, there can be no examination into the accounts and affairs of the alleged partnership.” This exception was properly overruled. Under our practice nothing prevents the cumulation of demands for the double purpose of establishing the existence of a partnership, if denied, and for its liquidation when established.
- IY. Whilst the ease was being tried, the defendant made affidavit for a continuance, on account of the unexpected absence of three wit-' nesses, J. H. Oglesby, J. S. Whitaker, and E. W. Burbank; setting forth what he expected to prove by them; alleging diligence, and, also, ignorance of their departure from the city.
The court refused the continuance, on the grounds that the affidavit was insufficient, and that two of the witnesses, Oglesby and Burbank, had never been served with subpoenas. That three of them stated defendant had told them they would not be needed, etc. We think that the court properly refused to continue. The case had been on trial for some days. Under such circumstances the defendant should have brought himself within the strictest rules. He should have not only alleged but shown diligence and surprise ; that he could not prove the facts by other available witnesses; that they were not absent by his consent or procurement, etc.
Y. Plaintiff obtained an order requiring the defendant to produce in court, on the day fixed for trial, the docket-book and the account-books of the business of Fellows & Mills, swearing that he expected to establish by them “ the existence of the partnership, and the entire allegations of the petition.”
The defendant filed a sworn answer to this rule to produce, in which he refers to and adopts the allegations of his original and supplemental answers in the case; reiterating that he denies that there is an unsettled partnership between him and plaintiff; that the books are his private property, etc.
The court, considering this answer as manifestly evasive, on motion of the plaintiff, ordered that the facts stated in the affidavit of plaintiff *827 be taken as confessed by the defendant. .-.Of this the defendant complains :
First, because he contends that his answer was sufficient, and denied the existence of the books called for.' We do not agree with him. We have gone carefully over his answer and supplemental answer, which he adopts. They are not sufficiently direct and responsive.
Second, because the order pro confesso was prematurely taken. This ground rests upon the fact that the Oode of Practice, article 473, provides that the books shall be “ produced on the day fixed for trial.” That, although this order was taken on the day fixed for trial, the case was not, in fact, tried on that day, because not reached, and, therefore, continued, with preference, to another day.
We think the order was not prematurely taken, being taken on the day fixed for trial. Besides, it comes with bad grace from the defendant to complain of prematurity when he had positively refused to produce the books, even under the coercion of imprisonment for contempt.
Third, because plaintiff’s allegation of facts to be proved by the books was too vague to be entered up as proving any thing. If plaintiff alleged no facts with sufficient certainty to serve as proof, then the order could do defendant no harm. But we think there was one fact alleged with sufficient certainty, at least, to wit: that said books would prove the existence of the alleged partnership. We agree with defendant that the other averment that they would prove “ the entire allegations of the petition,” is too general. By article 140, C. P., the party in such case must “ declare in writing, and on oath, what are the facts he intends to establish by such books,” etc. In analogous cases, such as are provided for in articles 466, 561 of C. P., the courts uniformly hold that the affidavit must be specific as to the facts. This swearing by reference to voluminous records, and, as it were, by wholesale, is inadmissible; and this objection is quite as forcible against defendant’s answer to the rule, as to plaintiff’s affidavit for it.
We hold, therefore, that the fact of the existence of the partnership was confessed by the defendant.
Having thus reviewed the preliminary questions raised by defendant, necessarily with brevity, for he has argued at great length in support of them, and their number precludes more extended discussion without transcending reasonable limits,, we come to the merits of the controversy.
The defendant in his answer charges that the plaintiff, by debauchery and dissipation injured the business ánd reputation of the firm, and claims $30,000 damages therefor. The judge a quo properly disallowed proof of such a charge. . It was foreign to the purposes and objects of the suit. The judge well says that such conduct by plaintiff would have *828 been excellent reason why defendant should have dissolved the partnership sooner; but, by his own showing, he not only did not do so, but continued it without remonstrance, hardly, for years, with full knowledge of all the facts. Indeed, he never seems to have thought of dissolution until long after his partner had reclaimed himself from his alleged bad habits. We prefer, for the good name of both parties that the veil of oblivion be drawn over such disclosures — especially as the plaintiff is the brother of the defendant’s wife, and himself now the head of a family.
It would bo impracticable within the limits of this opinion to review all the facts relating to each item in contest in this case. The. partnership did a large business for more than ten years, and the items disputed are numerous, and many of thém hotly contested. We have examined with care all the evidence in the caiise, and have endeavored to weigh it dispassionately. The judge a quo gave plaintiff judgment against defendant for $8000 65, with lien on the assets of the partnership. We have not been able to agree entirely with him in regard to several items in the account. We will state briefly our conclusions: ■
The balance due plaintiff per statement “ A,” is not disputed, and is..................................................$3,047 46
It appears that defendant collected from January 1 to July 27,1875, date of dissolution................$7,082 42
The court below allowed deductions from this sum, as follows: Amounts from Reynolds, Dubuclet, Southern Express, Swazey & Strauss, aggregating $1000. To this we think should be added expenses of trip to Monroe, on business, $60, making.. 1,060 00
Leaving for division................................$6,022 42
One half of this to credit of plaintiff is.............. 3,011 21
To this add half fees from Edwards and Clark vs. Puig, $85....................................... 42 50
The amount of the G-aines judgment in favor Fellows & Mills was....................................29,552 00
From this should be deducted 71 cents on 'the $100 ordered by the circuit judge.................... 209 82
Also, amount paid W. E. Todd...................... 1,206 52
Also, allowance to defendant on account of expenses Emmott seizure................................ 2,000 00
And its share of interest........................... 395 91
Also, two and one half per cent included in the judgment vs. Gaines, for account of defendant as her bondsman in certain cases, and interest $2186 27, $5998 52. Net balance of Gaines’s, judgment... .23,553 48
Of which one half to credit of plaintiff is................... 11,776 74
Making plaintiff’s total credit $17,877 91
*829 The court below credited plaintiff with one half of the fees in certain suits known as the Morgan tax suits. The evidence satisfies us that these suits were begun and settled after the dissolution of Fellows & Mills, and are distinct and different from certain similar suits in which plaintiff was concerned as counsel. We,-, therefore, leave this matter entirely out of the account.
We find, as above, plaintiff’s credit to be....................$17,877 91
From this must be deducted the following debits, to wit:
His orders on account Gaines judgment........$10,308 00
Amount due for board..........¡............... 500 00
Amount for furniture.......................... 175 00
Amount for office expenses.....■............... 199 03
Amount for office rent to October 1,1875....... 127 50
Amount for office rent to December 31,1875.... 127 50
Half amounts collected, as per December 1,0..... 269 56
Half amount fee of Burbank.................. 50 00
'Half amount fee of Burbank.................. 50 00
Half amount fee in Semmes case.........‘.---- 100 00
Half amount fee received by plaintiff from sheriff in Morgan tax case . •....................... 153 00
Half amount expenses to Washington in Morgan tax case .'................................. 100 00
Half amount fee from Ivens .. ......■......... 15 00
Half amount from Swan...................... 105 00
Half amount balance due by Burbank......... 238 29
Half amount balance due by Beebe.....'....... Ill 87
Total debits..........................$12,629 76 $12,629 76
Which, deducted from credits, leaves as balance due plaintiff $ 5248 15
The other amounts claimed by defendant as chargeable to plaintiff are, we think, unsupported. We think the claim of defendant against plaintiff for $3000 for keeping the books of- the concern is wholly inadmissible in the absence of an express agreement. The partnership is by law, and in the absence of agreement, presumed to be equal. O. G.
We have charged the Gaines judgment in favor of defendant with the amount allowed therein for becoming surety on her bonds. This liability of defendant was personal to himself, and the compensation therefor was not an asset of the partnership.
The defendant complains that the judgment allows interest against him on its amount from judicial demand; whereas, the Gaines judgment or order was not collected till May, 1877, and constitutes a large cash item in the account. We have credited plaintiff with $11,776 74 on account of this Gaines debt, and debited him with $10,308. The differ *830 enee, $1468 74, alone enters into the balance we declare due plaintiff. This amount of the judgment we render will, therefore, bear interest only from May 15,1877; the balance of the judgment will bear it from judicial demand.
The credit claimed by defendant for half of uncollectible advances and balances, as chargeable to profit and loss account, is inadmissible, since defendant has not been charged, in plaintiff’s favor, with such worthless assets, and can not, therefore, claim credit for them.
The judgment appealed from must, as to its amount, and as to the interest, be amended, and, in other respects, be affirmed.
It is therefore ordered,' adjudged, and decreed that the judgment in plaintiff’s favor be amended, so that the amount thereof be reduced from $8000 65 to $5248 15 ; whereof $1468 74 shall bear interest at five per cent from May 15,1877, and the balance at same rate from judicial demand, to wit: May 29, 1876. That in other respects the judgment appealed from be affirmed; plaintiff and appellee to pay costs of this, appeal.
The rehearing asked in this case by defendant is granted.